Ellis et al. v. Hatfield et al.

ELLIS *et al. v.* HATFIELD *et al.*

DIVORCE—JURISDICTION.—A divorce, granted by the *Tippecanoe* Court of Common Pleas, in 1849, was valid, that Court having jurisdiction in applications for divorce, by virtue of the law creating the Court. See Acts 1848, p. 32.

DESCENT.—Where a person of illegitimate birth acquires property, and dies intestate, and without issue or their descendants, and leaves no mother surviving him, but leaves half brothers and sisters, such half brothers and sisters are entitled to his estate, whether the father of the deceased was dead or alive, because his natural father, if alive, could not inherit from him.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—*Cyrus B. James* died intestate, in *Tippecanoe* county, where the estate was administered, and the administrator, after paying the debts, had for distribution a sum exceeding 2500 dollars, which he paid over to *Ellis,* the Clerk of the Court, for that purpose.

*Hatfield* and the other appellees filed a petition to have the moneys thus paid over to the Clerk distributed to them, they claiming to be the heirs of *Cyrus B. James*, deceased, that is to say, his half brothers and sisters.

This application was resisted by *Ellis*, who, as Clerk, had the money in his hands, and also by *Martha J. James,* who had formerly been the wife of *Cyrus B. James*, deceased, but had been divorced from him.

The Court, however, found for the appellees, and ordered the money to be paid over to them, and from the order thus made *Ellis*, the Clerk, and the said *Martha J. James*, appeal to this Court.

In *July*, 1849, said deceased, *Cyrus B. James*, obtained, by the judgment of the *Tippecanoe* Court of Common Pleas, a divorce from his said wife, *Martha J. James*. The only objection made to this proceeding is, that the *Tippecanoe* Court

Ellis et al. *v.* Hatfield et al.

of Common Pleas, had not jurisdiction over the subject matter, and hence that the judgment or divorce is a nullity.

This depends upon the powers conferred upon the Court. The act organizing the Court, under which the proceedings were had, gave it "original concurrent jurisdiction with the Circuit Courts in the State in all civil cases, both at law and in equity." Acts 1848, p. 32. This language is broad enough, in our opinion, to include cases for divorce, which have always been regarded as civil proceedings in this State, inasmuch as no ecclesiastical tribunals have ever been established here.

Another point made is, that the evidence is not sufficient to sustain the finding, inasmuch as it does not show that the father of *Cyrus B. James* is dead. The evidence does not show that fact, but it tends strongly to show another, which is just as conclusive on the rights of the parties; that is to say, that the deceased had no father, or rather he had none that the law will recognize. He seems to have been begotten and born without the pale of wedlock; and as his natural father can not inherit from him, it is immaterial for the purposes of this case whether he is dead or alive. The mother of the deceased subsequently married a man by the name of *Hatfield,* by whom she bred children, who are the appellees in this case, and who, for aught we can see, are entitled to the property of deceased, he not having left any children or their descendants, and his mother being dead.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Huff & Jones,* for the appellants.

*George Gardner,* for the appellees.